**WO**

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| JAMES THOMAS and AVALEE THOMAS, husband and wife, HOWARD JENKS and DIANE JENKS, husband and wife,<br><br>                    Plaintiffs,<br><br>vs.<br><br>PNS Stores, Inc., dba Big Lots, a California corporation, SUNBAY COMPANY LIMITED, a Chinese Business Entity, HANGZHOU VOLLY GARDEN FURNITURE CO., LTD., a Chinese Business Entity, JOHN DOE 1-5, JANE DOE 1-5, ABC Corporations 1-5, DEF Limited Liability Companies 1-5, GHI Partnerships 1-5, Unknown Heirs, Devisees and Legatees of any of the above if deceased,<br><br>                    Defendants. | Case No. CV 12-00276-PHX-DKD<br><br>**ORDER PERMITTING ALTERNATIVE SERVICE UPON DEFENDANT HANGZHOU VOLLY GARDEN FURNITURE CO., LTD.**<br>**-- and--**<br>**PERMITTING DISCOVERY IN ADVANCE OF THE CASE MANAGEMENT CONFERENCE AND CASE MANAGEMENT ORDER** |

Plaintiffs have moved for service by alternative means because of difficulty effecting service on the Chinese Business Entity. Plaintiffs' application includes the affidavit of the owner of the process serving company Plaintiffs retained which includes

the attestation that the address furnished by the Chinese Central Authority for the Chinese Defendant does not match the physical address the process server has identified as being the business location of this Defendant.  Thus it appears that the exception to the Hague Convention set forth in Article 1 may apply:  "This convention shall not apply where the address of the person to be served with the document is not known."  Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Hague Conference on Private International Law  (http://www.hcch.net/index_en.php?act=conventions.text&cid=17).   In such circumstances a court may authorize alternative service pursuant to Rule 4(f)(2)-(3) of the Federal Rules of Civil Procedure. *Rio Properties, Inc. v. Rio International Interlink*, 284 F.3d 1007 (9th Cir. 2002); *Chanel, Inc. v. Song Xu*, 2010 WL 396357 (W.D. Tenn. 2010).  Plaintiffs' request also comports with due process because the Plaintiffs' submission includes evidence that the Chinese Defendant conducts business via the internet and that this entity has responded to Plaintiffs' email inquiries. *MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, 2008 WL 5100414 (N.D. Ill. 2008).

Accordingly, pursuant to Plaintiffs' Motion for Alternative Service of Process to serve Defendant Hangzhou Volly Garden Furniture Co., Ltd., and good cause shown:

**IT IS HEREBY ORDERED** that Plaintiffs are granted permission to serve Defendant Hangzhou Volly Garden Furniture Co., Ltd., by electronic mailing.

**IT IS FURTHER ORDERED GRANTING PLAINTIFFS'** request to proceed with discovery in advance of the case management conference and issuance of the case management order.

Dated this 4th day of April, 2013.

_____
David K. Duncan
United States Magistrate Judge